IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

FILED IN OPEN COURT
FEB 8 2018
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | UNDER SEAL |
| | CRIMINAL NO. 2:18cr 22 |
| v. | |
| | 21 U.S.C. § 846 |
| TARON DEVELLE WALKER | Conspiracy |
| (Counts 1-9) | (Count 1) |
| | |
| | 21 U.S.C. § 841(a)(1) |
| | Distribution of Controlled Substances |
| | (Counts 2-7) |
| | |
| | 18 U.S.C. § 924(c)(1)(A) |
| | Possession of a Firearm in Furtherance of, and Using and Carrying a Firearm during and in relation to, one or more, Drug Trafficking Crimes |
| | (Count 8) |
| | |
| | 18 U.S.C. § 922(g)(1) |
| | Convicted Felon in Possession of Firearm and Ammunition |
| | (Count 9) |
| | |
| | 21 U.S.C. § 853 and 18 U.S.C. § 924(d) |
| | Criminal Forfeiture |

## INDICTMENT

February 2018 Term – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

## COUNT ONE

From in or about May 2016 to in or about February 2018, the exact dates to the grand jury being unknown, in the Eastern District of Virginia and elsewhere, the defendant TARON DEVELLE WALKER, did unlawfully and knowingly combine, conspire, confederate, and agree with one or more persons, both known and unknown to the grand jury, to commit one or more of

the following offenses against the United States:

1. To knowingly, intentionally and unlawfully manufacture, distribute, and possess with intent to distribute 100 grams or more of a mixture and substance of a containing a detectable amount of Heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B);

2. To open, lease, rent, use, and maintain any place, permanently or temporarily, for the purpose of manufacturing, distributing, and using any controlled substance, in violation of Title 21, United States Code, Section 856(a)(1) and (b); and

3. To use a communication facility in committing, in causing or facilitating the commission of any act or acts constituting one or more felony acts under Title 21 of the United States Code, all in violation of Title 21, United States Code, Sections 843(b).

(All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.)

## COUNT TWO

On or about October 17, 2017, in the Eastern District of Virginia, the defendant TARON DEVELLE WALKER did knowingly, intentionally and unlawfully distribute a mixture and substance containing a detectable amount of Heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT THREE

On or about October 26, 2017, in the Eastern District of Virginia, the defendant TARON DEVELLE WALKER did knowingly, intentionally and unlawfully distribute a mixture and

substance containing a detectable amount of Heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT FOUR

On or about November 16, 2017, in the Eastern District of Virginia, the defendant TARON DEVELLE WALKER did knowingly, intentionally and unlawfully distribute a mixture and substance containing a detectable amount of Heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT FIVE

On or about November 28, 2017, in the Eastern District of Virginia, the defendant TARON DEVELLE WALKER did knowingly, intentionally and unlawfully distribute a mixture and substance containing a detectable amount of Heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT SIX

On or about December 12, 2017, in the Eastern District of Virginia, the defendant TARON DEVELLE WALKER did knowingly, intentionally and unlawfully distribute a mixture and substance containing a detectable amount of Heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT SEVEN

On or about January 19, 2018, in the Eastern District of Virginia, the defendant TARON DEVELLE WALKER did knowingly, intentionally and unlawfully distribute a mixture and substance containing a detectable amount of Heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT EIGHT

On or about July 21, 2017, in the Eastern District of Virginia, the defendant, TARON DEVELLE WALKER, did knowingly, intentionally, and unlawfully possess a firearm in furtherance of, and use and carry a firearm during and in relation to, a drug trafficking crime for which he may be prosecuted in a court of the United States including the drug trafficking crimes alleged in Count One of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A), (i) and 2.)

## COUNT NINE

On or about July 21, 2017, in the Eastern District of Virginia, the defendant, TARON DEVELLE WALKER, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate commerce, a firearm and ammunition, said firearm and ammunition having been shipped and transported in interstate commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2.)

## CRIMINAL FORFEITURE

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

1. The defendants, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.

2. The defendant TARON DEVELLE WALKER, if convicted of any of the violations alleged in counts one through seven of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a. Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation; and

    b. Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

3. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(All in accordance with Title 21, United States Code, Section 853 and Title 18, United States Code, Section 924(d), as incorporated by Title 28, United States Code, Section 2461.)

Sealed Pursuant to the
E-Government Act of 2002

*United States of America v. Taron Develle Walker*
Criminal No. 2:18cr22

A TRUE BILL

**REDACTED COPY**

_____
FOREPERSON

TRACY DOHERTY-MCCORMICK
ACTING UNITED STATES ATTORNEY

By: _____
Kevin M. Comstock
Assistant United States Attorney
Virginia Bar No. 39460
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - kevin.comstock@usdoj.gov