UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | )    Criminal No. 2:18-CR-22 |
| v. | ) |
| | ) |
| TARON DEVELLE WALKER, | ) |
| | ) |
| Defendant. | ) |

## **GOVERNMENT'S POSITION ON SENTENCING**

The United States of America submits its position on the defendant's sentencing factors. In the Presentence Investigation Report (PSR), the U.S. Probation Office determined that the applicable advisory guidelines sentence is a term of 151–188 months' imprisonment on Counts Six and Seven, distributing heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)—and Count Nine—possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The three counts are grouped under U.S.S.G. §§ 3D1.2(c) and (d). The guidelines range on the combined counts stems from a base offense level of 30, a two-point enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), a two-point enhancement for maintaining a drug premises under U.S.S.G. § 2D1.1(b)(12), and a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), for a Total Offense Level of 31, together with criminal history category IV.

Relying on U.S.S.G. § 6A1.2 and this Court's policy on sentencing, the Government represents that it has reviewed the PSR and conferred with the U.S. Probation Officer assigned to this matter and with defense counsel. There are no unresolved objections to address.

For the reasons outlined below, a sentence within the Guidelines range would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

## I.     MOTION

Under U.S.S.G. § 3E1.1(b) and based on the terms of the plea agreement in this case, the Government moves the Court to grant an additional one-level reduction in the defendant's offense level for acceptance of responsibility. The defendant timely notified the Government of his intention to enter a plea of guilty, thereby allowing the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

## II.     BACKGROUND

On February 8, 2018, a federal grand jury sitting in Norfolk returned a nine-count indictment charging the defendant for drug-and-gun related crimes. On April 6, 2018, the defendant pleaded guilty to Counts Six, Seven, and Nine. The Court scheduled the sentencing hearing for July 27, 2018.

## III.     ARGUMENT

In *United States v. Booker*, the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Id.* (quoting 28 U.S.C. § 991(b)(1)(B)). In its recent decision in *Molina-Martinez v. United States*, the Court emphasized the role the guidelines play in achieving "[u]niformity and proportionality in sentencing" and noted that "the Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar." 136 S. Ct. 1338, 1347 (2017).

The U.S. Court of Appeals for the Fourth Circuit has provided the following guidance in the wake of *Booker*: "A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as

other relevant factors set forth in the guidelines and" the 18 U.S.C. § 3553(a) factors "before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B).

### A.      Nature and Circumstances of the Offense

The nature and circumstances of the offense are serious and warrant a sentence within the guidelines range. The defendant trafficked heroin within the Portsmouth community, including six sales to confidential informants. PSR ¶¶ 2-8, 14. Though he admitted to two sales totaling almost fourteen grams, the PSR attributes 1540.898 grams of heroin, 13,623.21 grams of marijuana, 500 grams of cocaine, 27.24 grams of fentanyl, and 1.6409 grams of amphetamine. PSR ¶¶ 14, 30. And phone records reveal how far the defendant was prepared to go to protect his illegal activity—by directing his brother to straw-purchase firearms for him. SOF ¶¶ 37, 50–59.

In July 2017, Portsmouth police officers arrested the defendant with a loaded Davos Industries, P-380 handgun. SOF ¶ 4. The defendant's phone records reveal that around the time of this arrest, he directed his brother to purchase another gun for him. SOF ¶¶ 37, 50–59. In fact, the defendant instructed his brother via text messages to return the first weapon because the defendant didn't like the color. *Id.* Gun-store records show that the brother then purchased a second weapon in the defendant's preferred color. That gun was discovered at the defendant's residence. SOF ¶¶ 37, 58–59, 71.

When agents executed a search warrant at the defendant's residence, they located 7.91 grams of marijuana, 1.6409 grams of amphetamine, 11.4885 grams of heroin, and 27.25 grams of fentanyl. The presence of that much fentanyl is an aggravating factor here. Fentanyl is a deadly

synthetic drug responsible for "more than doubl[ing]" "the number of deaths caused by heroin overdoses." *United States v. Wilmore*, 282 F. Supp. 3d 937 (S.D.W. Va. 2017). "The DEA estimates that [a]bout two milligrams of fentanyl—about what comes out with a single jiggle of a salt shaker—is considered lethal." *United States v. Walker*, No. 2:17-CR-00010, 2017 WL 2766452, at *4 (S.D.W. Va. June 26, 2017) (internal quotation marks omitted). The amount of fentanyl discovered at the defendant's home is a lethal dose for about 13,620 people.

Fentanyl poses a major risk to potential customers. "Fentanyl and synthetic opioids are particularly dangerous because they can be—and often are—mixed with other drugs without the consumer's knowledge." *Id.* Indeed, heroin purchases by confidential informants from the defendant contained fentanyl and the presence of that amount of the narcotic is enough to establish he mixed the fentanyl with other drugs or cutting agents to sell the fentanyl. Distributing this deadly narcotic into the community would have placed customers' lives in grave danger if they unwittingly ingested something marketed as heroin but significantly more potent than expected.

The defendant's actions support the government's recommended sentence.

**B.** **History and Characteristics of the Defendant**

The defendant's criminal history also supports a guidelines sentence. It shows a continued pattern of illegal activity despite his positive upbringing. The defendant was raised in a stable environment by his mother and stepfather until their divorce during his teenage years. PSR ¶¶ 97–98. Although he was brought up in high-crime neighborhoods, he stated that his mother and stepfather were always able to meet his needs and he was never subjected to abuse or unwarranted discipline. PSR ¶ 95. His mother and stepfather worked alternating shifts so one of them was usually at home with the defendant and his siblings. *Id.* He reported that he remains close to his family. PSR ¶¶ 92-94. The defendant never married but has "fathered four children with four different women." PSR ¶ 100. He currently owes $30,059.13 in child-support arrears. PSR ¶ 122.

The defendant's lengthy criminal record began at 16 when he when he convicted of grand larceny for stealing car. PSR ¶ 48. The defendant was again convicted of grand larceny less than a year later. PSR ¶ 50.

In 2007, the defendant was convicted of possession of marijuana. PSR ¶ 51. A year later, he was convicted of possession with the intent to distribute cocaine. PSR ¶ 58. That same year, he was also found guilty of possession with intent to distribute marijuana. PSR ¶ 60. In 2014 alone, the defendant was arrested for assault, possession of a weapon by a convicted felon, shooting from a vehicle, and shooting at an occupied vehicle. PSR ¶¶ 76–78. He has been arrested twice for assault and battery against a family member. PSR ¶¶ 81, 83. In the 2016 assault case, the mother of his third child filed an emergency protective order against the defendant. PSR ¶ 83. The defendant's record also includes twenty other charges brought since 2007. PSR ¶¶ 50–64.

Though his stepfather said that the defendant worked at a movie theater and shipyard, the defendant stated that "he has never held employment outside of working while incarcerated." PSR ¶¶ 119–120. In their investigation, ATF agents found he reported no income in the last five years. PSR ¶ 69. But when Portsmouth detectives arrested the defendant in 2017, he possessed both an Apple iPhone SE and an Apple iPhone 6. PSR ¶ 5. And ATF agents learned that he drove a rented 2017 BMW X3 from October 2017 until his detention here. PSR ¶ 70. The agents estimated that vehicle would cost $1700 a month to rent. *Id.* Without a documented form of income, the only explanation is that the defendant used the money from trafficking heroin to purchase these luxury items. His decision to live comfortably by exploiting the heroin epidemic affecting the community is deeply troubling and supports a sentence within the guidelines range.

## C. Other Factors Under § 3553

Prior convictions, shorter terms of incarceration, and court supervision have not deterred the defendant from committing new crimes. The defendant's escalating pattern of drug crimes—

from simple possession in 2007, to possessing with intent to distribute cocaine merely one year later, to currently dealing heroin and storing heroin and fentanyl in his home—is enough to justify the Government's recommended sentence.

The defendant is still young, however, and has the potential to turn his life around. Previously, he pursued a trucking license and has expressed interest in returning to that career after his release. Hopefully, given his age, he will have time to become a productive member of society if he uses his time in prison wisely.

In light of the defendant's criminal history, his constant refusal to obey firearms laws, his disregard for public safety by trafficking heroin and fentanyl, and the signs of escalation in his drug-trafficking efforts, a sentence within the guidelines range is appropriate.

## IV.    CONCLUSION

Considering the facts listed above and all of the factors set forth in 18 U.S.C. § 3553(a), the Government submits that its recommended sentence is sufficient but not greater than necessary.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By:              /s/
William B. Jackson
Kevin C. Comstock
Assistant United States Attorneys
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Phone: 757-441-6331
Facsimile: 757-441-6689
Email: william.jackson3@usdoj.gov
       kevin.comstock@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record including:

> Chad G. Dorsk
> 500 East Plume Street, Suite 220
> Norfolk, Virginia 23510

I hereby certify that on the 18th day of July, 2018, I sent by electronic mail a true and correct copy of the foregoing to the following:

> Timothy J. Foote
> United States Probation Officer
> U.S. District Courthouse, Suite 1150
> 701 East Broad Street
> Richmond, Virginia 23219

_____/s/_____
Kevin M. Comstock
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-6331
Facsimile: (757) 441-3205
E-mail: kevin.comstock@usdoj.gov