IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

      v.                              CRIMINAL NO. 2:18cr22

TARON DEVELLE WALKER,

           Defendant.

## POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING

COMES NOW the Defendant, by undersigned counsel, and in accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u> and this Court's policy regarding guidelines sentencing, the defendant hereby represents that he has reviewed the presentence report (PSR) prepared by the United States Probation Officer. After reviewing the Presentence Investigation Report and applying the factors of Title 18, United States Code, Section 3553(a) to the case, the defendant's position is that a sentence of 100 months is sufficient, but not greater than necessary to accomplish the statutory goals of sentencing.

For the outlined reasons below, a sentence below the Guideline range of 151-188 months' imprisonment would be appropriate in this case.

## OBJECTIONS TO THE PRE-SENTENCE REPORT

Mr. Walker, through counsel, has previously informed the probation office and the Government that he has no objections to the PSR.

# STATUTORY SENTENCING FACTORS

With the United States Sentencing Guidelines now rendered "advisory only," Kimbrough v. United States, 128 S. Ct. 558, 564 (2007), a district court has substantial discretion in fashioning a sentence appropriate to the individual circumstances of the defendant and the unique facts of the offense. While the Court must consider the guideline range in a case, "the Guidelines are not the only consideration." Gall v. United States, 128 S. Ct. 586, 597 (2007). See Kimbrough, 128 S. Ct. at 564 ("the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence").

Indeed, as mandated by Congress, the fundamental principle of sentencing is that a court "shall impose a sentence sufficient, but not greater than necessary" to meet specified sentencing goals, including the goal of just punishment. 18 U.S.C. 3553. In determining the minimally sufficient sentence, 3553 directs sentencing courts to consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of Mr. Walker;

(2) the need for the sentence imposed;

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of Mr. Walker; and

   (D) to provide Mr. Walker with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for [the offense];

(5) any pertinent policy issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

In addition, a district court "may not presume that the Guidelines range is reasonable," and instead "must make an individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597. Moreover, the Supreme Court has specifically ruled that, in balancing the §3553(a) factors, a judge may determine that, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." Kimbrough, 128 S. Ct. at 564. See also, Rita v. United States, 127 S. Ct. 2456, 2465 (2007) (a district court may consider arguments that the Guidelines sentence itself fails properly to reflect 3553(a) considerations, or [that] the case warrants a different sentence regardless.")

## Nature and Circumstances of the Offense

The nature and circumstances of the offense are serious and warrant a strong sentence of no more than 100 months. Although the defendant trafficked narcotics within the Portsmouth community and possessed a firearm while being a felon, he has also engaged in productive cooperation with law enforcement as a counterbalance.

In July 2017, Portsmouth police officers arrested the defendant, who in turn willingly provided his phone records to police, revealing much of his illegal activity. Therefore, it is important to point out that Mr. Walker began to cooperate with authorities immediately upon his arrest, and such cooperation was the cause of his elevated Guidelines range.

As indicated in the PSR, Mr. Walker has expressed remorse and sincere regret for his actions. He accepts full responsibility for his conduct and remains very committed to continuing to fulfill all of his obligations to the government with respect to his plea agreement. Since his plea of guilty, Mr. Walker's cooperation has continued and has been of great help to the United States as outlined in ECF 34.

### History and Characteristics of the Defendant

The defendant's criminal history is illustrative of the fact that this is not his first time in a courtroom setting. That being said, we would like to highlight that Mr. Walker's last felony conviction is approximately a decade old and should be weighted accordingly.

The defendant was raised in high-crime neighborhoods, where he observed drugs and gun violence at an early age, however he grew up in a home where he felt loved. [Mr. Walker's] "stepfather described the defendant as a good kid, who listened well and generally followed the rules as a youth. He stated the defendant was actively involved in the lives of his children prior to being incarcerated. He indicated the defendant maintains contact with his family and is willing to help when called upon." PSR ¶ 105.

Though the present case is Mr. Walker's first federal conviction, he is certainly no stranger to the criminal justice system and makes no excuses for his past conduct. Mr. Walker is 30 years old and he has taken stock of his life and his prospects for the future and he is adamant that his involvement in illegal endeavors is truly at an end. Mr. Walker realizes that he has long road to redemption and that he is going to receive a substantial punishment for these offenses.

Mr. Walker understands that the choices he made were his and his alone and he takes full responsibility for them and accepts the consequences. He simply asks that the

Court consider all of these factors when crafting its sentence

## Other Factors Under § 3553

Mr. Walker has a documented history of substance abuse and he would undoubtedly benefit from treatment and counseling. He has abused cocaine, marijuana, heroin, prescription pills, codeine syrup and some of the drugs recovered during the search of his home were for personal use. Prior to his arrest, Mr. Walker had been using narcotics on a daily basis and by his own account would use "whenever he could get his hands on it." PSR ¶ 112. For these reasons, he requests that the Court recommend he be placed in the Residential Drug Treatment Program through the Bureau of Prisons.

Mr. Walker is committed to rehabilitating himself and using his time in prison to bettering himself so that he can reenter society as a productive and contributing citizen. To that end, he fully intends to pursue all of the educational opportunities available to him in the Bureau of Prisons. Mr. Walker has his G.E.D. and would like to pursue trade or business opportunities, including but not limited to, college classes, music production and welding. Mr. Walker is a talented rapper and has worked with many high profile artists that may be familiar to the Court. While incarcerated in the Bureau of Prisons, Mr. Walker will gain insight into his behaviors that he can convey through music to benefit the community. Therefore, Mr. Walker will be able to teach others about the hazards of the drug trade and deter others from engaging in the same destructive behaviors.

At 30 years old, the defendant is young, however, this means he has time to turn his life around. Previously, he pursued a trucking license and has expressed interest in returning to that career after his release. We believe that, given his success in illicit business conduct, there is no reason that he cannot succeed in legal enterprises as well,

and will have time to become a productive member of society while he uses his time in prison wisely.

## The Sentencing Range Established for the Offense

Mr. Walker's criminal history category is a IV. The total offense level set forth in the PSR is 31, which results in a recommended guidelines range of 151-188 months. There is no mandatory minimum punishment for this offense.

It is important that the Court consider the fact that a fair amount of the drug weight as well as the straw-purchase of a firearm, with which Mr. Walker is attributed, came from his cooperation with law enforcement. While Mr. Walker certainly does not quarrel with the notion that he is responsible for what he did, he should not be penalized for his forthrightness and willingness to cooperate. In fact, the United States most likely considered this fact, which is why they did not with a mandatory minimum sentence in this case.

Counsel submits that based upon the factors set forth above—including Mr. Walker's acceptance of responsibility and cooperation with the government, his personal characteristics and bright prospects for the future, and his significant family support system—a sentence of 100 months is sufficient to meet the statutory goals of sentencing. For these reasons, Mr. Walker asks that the Court impose a sentence in the range of 100 months.

## CONCLUSION

For the reasons set forth above, the Defendant, Taron Walker by counsel, respectfully submits that a sentence of 100 months, will accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553.

Respectfully submitted,

By: _____/S/_____
Chad G. Dorsk, Esquire
VSB # 74499
Counsel for Taron Walker
Dorsk Law Office, Plc.
409 Duke Street, Unit 100
Norfolk, VA 23510
Telephone:(757) 423-0271
Facsimile: (757) 423-0272
Email: cdorsk@gmail.com

# CERTIFICATE OF SERVI CE

I hereby certify that on the 20st of July, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send a notification of such filing (NEF) to the following:

Kevin Comstock
William Jackson
United States Attorney's Office
101 Main Street
Suite 8000
Norfolk, VA 23510
Telephone: (757) 441-6331
Facsimile:  (757) 441-6689

_____/s/_____
Chad G. Dorsk, Esquire
VSB # 74499
Counsel for Taron Walker
Dorsk Law Office, Plc.
409 Duke Street, Unit 100
Norfolk, VA 23510
Telephone:(757) 423-0271
Facsimile: (757) 423-0272
Email: cdorsk@gmail.com

I hereby certify that on the 20th day of July, 2018, I caused a true and correct copy of the foregoing to be mailed to the following non-filing user:

Timothy J. Foote
United States Probation
U.S. District Courthouse, Suite 1150
701 E. Broad Street
Richmond, VA
804-916-2843

                                        Chad G. Dorsk, Esquire
                                        VSB # 74499
                                        Counsel for Taron Walker
                                        Dorsk Law Office, Plc.
                                        409 Duke Street, Unit 100
                                        Norfolk, VA 23510
                                        Telephone:(757) 423-0271
                                        Facsimile: (757) 423-0272
                                        Email: cdorsk@gmail.com