IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| TARON DEVELLE WALKER<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Criminal No. 2:18cr22<br>Civil No. 2:19cv457 |

GOVERNMENT'S MOTION TO COMPEL BOTH FORMER DEFENSE COUNSEL
TO PROVIDE INFORMATION REASONABLY NECESSARY TO RESPOND
TO ALLEGATIONS IN PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

Now comes the United States, by its undersigned counsel, and moves the Court to enter an order compelling Lawrence H. Woodward, Jr. and Chad G. Dorsk, petitioner's former defense counsels, to provide the Government with information that is reasonably believed necessary to respond to allegations in the petitioner's motion under 28 U.S.C. § 2255. In support of said motion, the Government states as follows:

1. In his motion, the petitioner raises multiple claims of ineffective assistance of counsel against his former defense counsel, Lawrence H. Woodward, Jr. and Chad G. Dorsk. Information regarding their communications with the petitioner is critical to a resolution of these claims.

2. The Government has approached Mr. Woodward, who has indicated that he is willing to cooperate and provide the Government with the requested information, but he declines to do so without an order from the Court. The government has also approached Mr. Dorsk, who has indicated that he is willing to cooperate and provide the Government with the requested

1

information, but he declines to do so without an order from the Court.

3. It is clear that the petitioner has waived his attorney-client privilege with respect to his claims of ineffective assistance of counsel. *LaBorde v. Virginia*, 2011 WL 2358510 at *3 (E.D. Va. June 9, 2011); *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *Freedman v. United States*, No. 7:10-CR-15, 2013 WL 4014974 (E.D.N.C. Aug. 6, 2013) ("[W]here such communications are necessary to prove or disprove petitioner's claims, he has waived attorney-client privilege with respect to those claims for the purpose of these *habeas* proceedings."). Also see Va. Code § 8.01-654(B)(6) ("If [a habeas corpus] petitioner alleges as a ground for illegality of his detention the inadequacy of counsel, he shall be deemed to waive his privilege with respect to communications between such counsel and himself to the extent necessary to permit a full and fair hearing for the alleged ground."), *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716-717 (9th Cir. 2003) (*en banc*); *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001); *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982).

4. Furthermore, with respect to information otherwise protected by the attorney-client privilege, Rule 1.6(b)(2) of the Virginia Rules of Professional Conduct states that "[to] the extent a lawyer reasonably believes necessary, the lawyer may reveal . . . such information . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client."

5. Although a court order is therefore not required by law or any ethical rule as a prerequisite before former defense counsel may provide information reasonably necessary to

2

respond to allegations of ineffective assistance of counsel in a § 2255 motion, Mr. Woodward and Mr. Dorsk nevertheless decline to disclose the necessary information without such an order, as is their right.  In other cases, Judges of this Court have entered such an order.  See for example, *Troy Aurelius Titus v. United States of America*, Criminal No. 2:08cr154, Civil 2:13cv575 (E.D.VA), ECF No. 305, *Robert Glenn Ford v. United States of America,* Criminal No. 2:10cr83, Civil No. 2:13cv534, ECF No. 129.

Accordingly, the Government moves for the entry of an order compelling Lawrence H. Woodward, Jr., and Chad G. Dorsk, the petitioner's former defense counsel, to provide the Government with information that is reasonably believed necessary to respond to the allegations of ineffective assistance of counsel in the petitioner's § 2255 motion, and that such information be provided within thirty (30) days of the entry of such an order.

G. Zachary Terwilliger
United States Attorney

By:    /s/
Kevin M. Comstock
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-6331
Facsimile: (757) 441-3205
E-mail: kevin.comstock@usa.doj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send to all counsel of record in this case including:

Larry Woodward, Esquire
Ruloff, Swain, Haddad, Morecock,
Talbert & Woodward, P.C.
317 30th Street
Virginia Beach, VA 23451

George Gorman, Esquire
Weisberg and Weisberg, PLLC
744 Thimble Shoals, Blvd, Suite B
Newport News, VA 23606

C. Justin Brown, Esquire
Brown Law
*Admitted Pro Hac Vice*
1 North Charles St., Suite 1301
Baltimore, MD 21201

I further certify that on this 3rd day of September, 2019, I *emailed* a true and correct copy of the foregoing to the following:

Chad G. Dorsk, Esquire
Dorsk Law Office PLC.
400 Duke Street, Suite 100
Norfolk, VA 23510

/s/
Kevin M. Comstock
Assistant United States Attorney